UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>            Plaintiff,<br><br>     vs.<br><br>MARIO FRANCO,<br><br>            Defendant. | Case No: C 09-4392 SBA<br><br>**ORDER REMANDING ACTION** |

Plaintiff Deutsche Bank National Trust Company filed the instant unlawful detainer action against Defendant Mario Franco in Contra Costa County Superior Court on or about July 17, 2009. The complaint seeks to evict Plaintiff from certain residential property and to recover damages in the amount of $30 per day, accruing from July 14, 2009. On September 17, 2009, Plaintiff filed a pro se notice of removal on the basis of diversity jurisdiction, along with a request to proceed in forma pauperis (IFP).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...." 28 U.S.C. § 1441(a). Original jurisdiction exists in cases of complete diversity where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

The Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). In the case

of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, the notice of removal alleges that the parties are diverse, but it does not allege that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional minimum for diversity jurisdiction cases. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 690 (9th Cir. 2006) (noting that the district court may review the complaint to determine whether it is "facially apparent" that the jurisdictional amount is in controversy). Plaintiff's action is for unlawful detainer. The complaint was filed as a limited civil action, meaning that the amount in controversy is less than $10,000. In addition, the amount of damages sought in the complaint is $30 per day, accruing since July 14, 2009. Thus, at the time of removal, less than $2,000 in damages was at stake. Based on the record presented, it is facially apparent that this case does not meet the minimum amount in controversy to satisfy the requirements of 28 U.S.C. § 1332. Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Contra Costa County Superior Court. Defendant's IFP application is DENIED as moot. The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated: September 22, 2009

SAUNDRA BROWN ARMSTRONG
United States District Judge